KAREN NELSON MOORE, Circuit Judge,
dissenting.
Until this year, it was impossible for West to have learned that Tennessee’s lethal-injection protocol has become, in practice, death by suffocation. His claim is timely even under the unduly restrictive standard articulated in Cooey II v. Strickland, 479 F.3d 412 (6th Cir.2007). Because West’s claim is timely, I respectfully dissent.
After holding that the Cooey II time bar remained in effect following the Supreme Court’s decision in Baze, this court in Getsy proceeded to analyze the Ohio “protocol *78 modifications” that Getsy alleged would “create undue suffering.” Getsy v. Strickland, 577 F.3d 309, 313 (6th Cir.2009). That analysis was not superfluous. Developments in execution protocol or practice after the Cooey II dates can be the basis for later method-of-execution claims. We held for the Ohio warden because “Getsy [did] not ma[k]e a prima facie showing that the ... modifications will likely subject him to extreme pain based on ... new evidence.” Id.
West has accomplished what Getsy did not. After Tennessee’s protocol change, the autopsy of Phillip Workman revealed inadequate post-mortem sodium thiopental levels. This single occurrence might have been “an isolated mishap alone,” which “does not give rise to an Eighth Amendment violation.” Baze v. Rees, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (Roberts, J., plurality op.). But on March 10, 2010, the state released the autopsy results for its next-executed inmate, Steven Henley. Henley, too, had deficient sodium thiopental levels, giving West a basis to allege that, as implemented, the lethal-injection protocol violates the Eighth Amendment. Until Henley’s autopsy confirmed the problem, West did not have a cause of action because “the conditions presenting the risk” of suffocation were not “sure or very likely to cause serious illness and needless suffering.” Baze, 553 U.S. at 50, 128 S.Ct. 1520. And prior to the autopsy, “the typical lay person,” Getsy, 577 F.3d at 312, could not have been alerted that the standard three-drug cocktail would suffocate its recipients. The key feature of this case is that West has alleged new evidence showing that the practice of the lethal-injection method in Tennessee has caused extreme pain and suffering, constituting a violation of the Eighth Amendment.
That Getsy left the Cooey II accrual test intact is of no consequence to this case. Even under Cooey II, West’s challenge is timely because he could not have challenged the practice of the lethal-injection method until evidence became available that it constituted cruel and unusual punishment. This approach is fully consistent with Cooey II and, indeed, is required by the Eighth Amendment.
West should prevail under Cooey II. He has challenged the constitutionality of death by suffocation, the possibility of which was unknown both at the close of direct review and when lethal injection became the presumptive method of execution in Tennessee. The majority improperly requires death — row inmates to challenge the constitutionality of every method of execution that the state may use — far in advance of newly developing evidence that the method of execution in practice results in cruel and unusual punishment in violation of the Eighth Amendment. I respectfully dissent from this incorrect application and extension of Cooey II.
For these reasons, I would grant a stay of execution and also dissent from the majority’s denial of a stay.